[Not for Publication]

United States Court of Appeals
For the First Circuit

No. 94-1266

NORTHEAST DATA SYSTEMS, INC.,

Plaintiff, Appellant,

v.

MICRODATA CORPORATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert B. Collings, U.S. Magistrate Judge]

Before

Cyr and Stahl, Circuit Judges,

and Zobel,* District Judge.

Roger S. Davis with whom Cheri L. Hoff and Davis, Rubin & Parker,

P.A. were on brief for appellant.

Frederick W. Rose with whom Gianfranco A. Pietrafesa and Cooper,

Rose & English were on brief for appellee.

*Of the District of Massachusetts, sitting by designation.

Per Curiam. Plaintiff-appellant Northeast Data
Per Curiam.

Systems appeals the district court's denial of its motion for

sanctions against defendant-appellee McDonnell Douglas

Computer Systems Company. We affirm.

I.

PRIOR PROCEEDINGS

Plaintiff originally commenced this action in 1983

in state court against Microdata Corporation.1 Defendant

removed this action to the United States District Court for

the District of Massachusetts where plaintiff subsequently

filed an amended complaint charging defendant with breach of

contract, interference with contractual and advantageous

relationships, deceit, breach of the implied covenant of good

faith and fair dealing, breach of fiduciary duty, bad faith

termination, antitrust law violations, and violation of Mass.

Gen. L. ch. 93A 11. Defendant filed an answer and a

counterclaim containing, inter alia, claims for breach and

tortious breach of the implied covenant of good faith and

fair dealing, breach of fiduciary duty, bad faith

termination, antitrust violations, and violation of Mass.

Gen. Laws ch. 93A 11.

Post judgment, plaintiff filed with the district

court a motion seeking sanctions against defendant pursuant

1. Microdata Corporation was acquired by McDonnell Douglas
Corporation in 1979 and renamed McDonnell Douglas Computer
Systems Company during the pendency of this litigation.

-2-
2

to Fed. R. Civ. P. 11 (1988), 28 U.S.C. 1927, and the

inherent powers of the court. In a lengthy written order,

the magistrate judge denied plaintiff's motion and this

appeal was taken.

II.

DISCUSSION
DISCUSSION

Defendant concedes that the only issue on appeal is

whether the lower court erred in denying sanctions. More

specifically, plaintiff argues that the magistrate judge

erred in failing to find that defendant 1) filed its

counterclaims solely for the purpose of delay and harassment;

2) knew at the time of its filing, and subsequently, that the

claims lacked merit; and 3) filed false answers to

interrogatories to mislead and obstruct plaintiff. Plaintiff

primarily offers as evidence the interrogatories of two

individuals who defendant claimed had knowledge of the

factual basis for its counterclaims, and the subsequent

deposition testimony of these same two witnesses which

plaintiff claims show that neither actually possessed any

such factual knowledge. Plaintiff argues that these

allegedly inconsistent statements prove that defendant failed

to conduct a sufficient pre-filing inquiry with respect to

its counterclaims and that such failure should merit

sanctions.

-3-
3

Because all of the events animating this appeal

occurred prior to December 1, 1993, the magistrate judge

relied upon Fed. R. Civ. P. 11 (1988) and not the 1993

amended version.2 We review a district court's denial of

sanctions for abuse of discretion. See Navarro-Ayala v.

Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992) ("[A] party

protesting an order in respect to sanctions bears a

formidable burden in attempting to convince the court of

appeals that the district judge erred in finding that Rule 11

was, or was not, violated.").

In his order denying plaintiff's motion, the

magistrate judge observed that this same argument served as

the focal point for plaintiff's March 1987 motion to strike

the counterclaims and for sanctions, a motion denied by the

court. Before reaching the merits of plaintiff's second

request for sanctions, the magistrate judge noted that

plaintiff never filed a motion for reconsideration of the

first denial. He then held that "based upon the factual

recitation incorporated in the affidavit of [defendant's

counsel] as well as a review of the complete transcripts of

the [two] depositions, it cannot be found that Microdata

answered the interrogatories in bad faith, attempted to

mislead plaintiff or failed to conduct an adequate pre-filing

investigation."

2. Neither party has challenged this decision on appeal.

-4-
4

A comprehensive review of the lengthy history of

this litigation and the careful and full review given by the

magistrate judge of the latest request for sanctions not only

satisfies us that there was no abuse of discretion, manifest

or otherwise,3 but that this appeal is frivolous.

III.

CONCLUSION

For the foregoing reasons, we affirm the district

court's denial of sanctions.

Affirmed. Double costs.

3. The magistrate judge also separately reviewed and, after
careful consideration, dismissed each of plaintiff's
additional evidentiary offers, i.e., that defendant 1)
improperly delayed the completion of a deposition; 2)
obstructed defendant's motion for summary judgment; 3)
frivolously reopened discovery; and 4) failed to prosecute
its counterclaims. Because we agree with the magistrate
judge's finding that none of these allegations merit
sanctions in this case, we need not regurgitate his
discussion here.

-5-
5